BOWMAN REALTY CORPORATION, Landlord, *v.* RUFUS TRICE, Squatter.

Municipal Court of the City of New York, Borough of Manhattan, April 29, 1954.

· *Lester M. Friedman* for landlord.

*Marion Gaines Hill* for squatter.

SANTANGELO, J. This is a holdover proceeding by the petitioner, the landlord of premises 299 West 153d Street, borough of Manhattan, against the occupant-squatter, Rufus Trice, alleging that on or about January 1, 1954, Rufus Trice intruded into and squatted upon the premises, particularly apartment No. 14, and occupied the same; that the said entry by Rufus Trice was without the permission of the petitioner and that his occupancy thus commenced has continued up to the present time without permission from the petitioner.

Rufus Trice in his answer denied the allegations set forth in the petition, stating that he was the husband of one Empress Trice, deceased, that he was entitled to possession of the said premises and that he did not intrude into or squat upon the said premises.

It was conceded by the parties that Empress Trice had entered into a two-year lease with the landlord, from January 1, 1952, up to and including December 31, 1953. The wife died on December 5, 1953.

The husband testified that he occasionally was separated from his wife, that he supported his wife, but admitted that he did not at any time pay any rent to the landlord or make any payment for gas and electricity. He further testified that prior to the lease he had entered into the said apartment with his wife on a monthly basis but still had never paid any rent to the landlord, even while living in the said apartment. He also testified that during the years 1950, 1951 and 1952, he did sleep at another apartment from which he filed his income tax returns.

The landlord offered proof from a subtenant who was also a beneficiary in an insurance policy left by the wife, that the husband had never slept in the said apartment, nor had she ever seen the said husband in that apartment prior to October, 1953, at which time the wife became ill and was taken to Mother Cabrini Hospital; that at that time the husband was not present but that subsequent thereto the husband came to the apartment.

The superintendent of the apartment house also testified in behalf of the landlord that the husband never came to the premises, nor was he ever seen in the premises prior to the wife's illness; that the husband never slept at the apartment which had been leased by the wife; that he was friendly with the wife and that he had visited the wife's apartment and had never seen the husband at any time.

The husband stated that the superintendent had been in the said apartment and had enjoyed drinks with him in his wife's apartment.

From all the testimony at the trial, the court finds that the present occupant, Rufus Trice, was not a tenant within the definition of the State Rent and Eviction Regulations. Subdivision 4 of section 56 of the Rent and Eviction Regulations states that '' no occupant of housing accommodations shall be evicted under this section where the occupant is either a surviving spouse of the deceased tenant or some other member of the deceased tenant's family who has been living with the tenant.'' While the occupant-squatter is the surviving spouse of the deceased tenant, the court finds as a fact that the husband was not living with the deceased in the premises in question at the time of his wife's death. The court also finds that he was living apart and separated for all intents and purposes from the wife up to the time of her death.

The court further finds that he appropriated the premises for his own use and personal profit, a practice frowned upon under the State Residential Rent Law.

The court disbelieves the testimony of the squatter-occupant that he lived in these premises prior to the death of his wife as husband and wife. The credible evidence indicates that he never personally paid the landlord any rent or made any payments to the gas company or to any of the utilities during the wife's tenancy, either with or without the lease, and that he was not with his wife at the time she was rushed to Mother Cabrini Hospital.

From all of the facts and circumstances in the case the court holds that the tenancy of the wife ceased with the term of the lease, December 31, 1953, at which time the landlord was entitled to the possession of the premises. The squatter-occupant desires by subterfuge to hold beyond that period. To permit the landlord or owner of these premises to be kept out of possession of his estate and to allow a stranger, such as the occupant-squatter in the instant case, to intrude would result in an encroachment upon the landlord's property rights as would challenge the protection of such rights guaranteed by the Constitution. The occupant-squatter lived in other quarters. The court cannot countenance nor permit him to seize the owner's property for exploitation and profit.

The court therefore holds that the landlord is entitled to a final order removing Rufus Trice, occupant-squatter, from possession and use of the premises as a squatter.

Five days' stay.